<u>**NOT FOR PUBLICATION**</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ISAIAH SHEPPARD,<br><br>                  Plaintiff,<br><br>                  v.<br><br>JESSICA KLAVENS, et al.,<br><br>                  Defendants. | Civil Action No. 21-20361 (KMW) (AMD)<br><br>**OPINION** |

**WILLIAMS, District Judge:**

This matter comes before the Court on Plaintiff Isaiah Sheppard's application to proceed *in forma pauperis* (ECF No. 1-1) and the Court's *sua sponte* screening of his civil complaint. (ECF No. 1.) Having reviewed the application, this Court finds that leave to proceed *in forma pauperis* is warranted in this matter, and Plaintiff's application is therefore granted. As Plaintiff shall be granted *in forma pauperis* status in this matter, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim which is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's complaint shall be dismissed with prejudice as the named Defendants are immune from suit in this matter.

**I.    BACKGROUND**

Plaintiff is a state pretrial detainee currently incarcerated in the Cumberland County jail. (ECF No. 1 at 2.) In his complaint, he contends that Defendants – a state prosecutor and the Cumberland County Prosecutor's Office which employs her – violated his rights by obtaining an

indictment against him after the time for doing so had run.  (*Id.* at 4-6.)  Specifically, Plaintiff contends that he was arrested in early March, and that he believes the prosecutor was required to file his indictment by June 2, but failed to do so until July.  (*Id.* at 6.)  Plaintiff also contends that his being indicted on new charges in August but not receiving notice of them until October further violated his rights.  (*Id.*)  Plaintiff therefore asks that his indictment be dismissed, that he be released, and that he be awarded money damages.  (*Id.* at 6-7.)

## II.     LEGAL STANDARD

Because Plaintiff shall be granted *in forma pauperis* status, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).  Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *Id.*  "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)."  *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations.  *Papasan v. Allain*, 478 U.S. 265, 286 (1986).  A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]'

devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

### III. DISCUSSION

In his complaint, Plaintiff seeks to raise federal civil rights claims related to his being allegedly improperly indicted by a county prosecutor. Prosecutors, however, are immune from suit in federal civil rights matters for actions taken in connection with their role in initiating and pursuing criminal prosecutions. *See Imbler v. Pachtman*, 424 U.S. 409, 410 (1976); *see also LeBlanc v. Stedman*, 483 F. App'x 666, 669 (3d Cir. 2012). This form of prosecutorial immunity "encompasses prosecutors' activities in connection with preparing and filing charging documents," *LeBlanc*, 483 F. App'x at 669, and the acts of filing charges or seeking indictments against a criminal defendant are therefore protected by absolute immunity. *See Odd v. Malone*, 538 F.3d 202, 210 (3d Cir. 2008). As Plaintiff's claims against Defendants all arise out of such prosecutorial functions as seeking and filing indictments, Defendants are absolutely immune from suit in this civil rights matter. *Id.*; *Imbler*, 424 U.S. at 410; *LeBlanc*, 483 F. App'x at 669. Plaintiff's complaint must therefore be dismissed with prejudice.

While Defendants immunity is a sufficient basis for dismissing this matter, the Court notes that a civil rights matter is also not the proper means for brining a challenge to criminal detention arising out of state court processes, such claims generally fall within the remit of petitions for a writ of habeas corpus.  *See, e.g., Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973).  Indeed, under the *Younger* abstention doctrine, a federal court may not interfere in ongoing state criminal proceedings, and must abstain from hearing claims which would require it to do so.  *See, e.g., ACRA Turf Club, LLC v. Zanzuccki*, 748 F.3d 127, 138 (3d Cir. 2014) (*Younger* abstention doctrine requires that federal courts abstain from hearing federal civil cases which "threaten[] to interfere with . . . state criminal prosecutions"); *see also Younger v. Harris*, 401 U.S. 37 (1971).  Thus, even were Defendants not immune, Plaintiff would be barred from using this civil rights action to interfere in his state court criminal proceedings and would not be able to seek release or the dismissal of his actions through this matter.

## IV.     CONCLUSION

For the reasons expressed above, Plaintiff's complaint (ECF No. 1) is **DISMISSED WITH PREJUDICE** as both named Defendants are entitled to prosecutorial immunity.  An order consistent with this Opinion will be entered.

*Karen M. Williams*
_____
Hon. Karen M. Williams,
United States District Judge